IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND I. AIGBEKAEN, #94655-379,

    Plaintiff,

v.

WILLIAM BARR, *et al.*,

    Defendants.

Civil Action No.: GJH-20-169

## ORDER

On January 15, 2020, Plaintiff Raymond I. Aigbekaen filed the above-captioned civil rights action against United States Attorney General William Barr, U.S. Attorney for the District of Maryland Robert K. Hur; Assistant U.S. Attorneys Ayn Ducao and Matthew Maddox, and Joseph Balter and Michael Lawlor, both of whom represented Aigbekaen in his criminal trial. ECF No. 1. Aigbekaen challenges the "unlawful, malicious . . . neglect of [defendants'] fiduciary duties to act in his best interests his attorneys and the government actors as guardians of the law." Aigbekaen also filed a Motion for Leave to Proceed in Forma Pauperis. ECF No. 2. Because he appears indigent, the Court will grant the Motion. For the reasons that follow, however, the Court will dismiss the Complaint.

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615

(4th Cir. 2009). To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Aigbekaen alleges that defendants Balter and Lawlor, whom this Court appointed to represent him in his criminal case, "conspired with the government prosecutors to obstruct and delay justice." ECF No. 1 at 3. Specifically, he claims that Balter prevented Aigbekaen from conducting discovery, failed to present certain evidence to the jury, and failed to answer his questions. *Id.* He also alleges that Lawlor failed to "raise numerous issues" that Aigbekaen requested. *Id.*

An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, the attorney is not amenable to suit under § 1983. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender). *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Aigbekaen's bald assertions of conspiracy against Balter and Lawlor, without more, cannot stand. As such, Aigbekaen's his § 1983 action against these defendants must be dismissed.

Defendants Hur, Ducao, and Maddox are being sued for their roles as prosecutors in Aigbekaen's prior criminal case. "It is well-settled law that a prosecutor is entitled to absolute immunity for her conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Collis v. United States*, 498 F. Supp. 2d 764, 768 (D. Md. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *aff'd*, 330 F. App'x 28 (4th Cir. 2009). *See also Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (concluding that an AUSA was entitled to absolute immunity where he was alleged to have presented perjured testimony to a grand jury). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). A prosecutor acts as an advocate when she presents evidence at trial. *Imbler*, 424 U.S. at 431. Therefore, on the face of the suit, Hur, Ducao, and Maddox enjoy absolute immunity. *See Lyles*, 79 F.3d at 376-77. Similarly, to the extent Aigbekaen is suing Barr for actions he took in a prosecutorial capacity, Barr is also immune. *See Mitchell v. Forsyth*, 472 U.S. 511, 521 (1985).

To the extent Aigbekaen intends to pursue a civil action for damages or declaratory relief regarding alleged deficiencies in his criminal case, *United States v. Aigbekaen,* Criminal Action No. JKB-15-0462-2, such a cause of action is prohibited under the Supreme Court's holding in *Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994). *See Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 391 (4th Cir. 2014) ("*Heck* held that a prisoner may not file suit under § 1983 as long as a § 1983 judgment in his favor would imply the invalidity of his criminal conviction."). Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 489.

3

Here, the Complaint allegations, if allowed to proceed, challenge the validity of the criminal judgment, which the United States Court of Appeals for the Fourth Circuit affirmed at *United States v. Aigbekaen*, No. 17-4109, __ F.3d ___, 2019 WL 6200236 (4th Cir. Nov. 21, 2019). Aigbekaen does not allege his conviction was reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus in order to bring his claims under §1983. Therefore, the claims will be dismissed without prejudice.

Accordingly, it is this 5th day of February, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED without prejudice;

3. The Clerk SHALL MAIL a copy of this Order to Aigbekaen; and

4. The Clerk SHALL CLOSE this case.

GEORGE J. HAZEL
United States District Judge